**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT S.,<br><br>            **Plaintiff,**<br><br>            **v.**<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br><br>            **Defendant.** | **Civil Action No.: 21-12732 (ES)**<br><br>**OPINION** |

**SALAS, DISTRICT JUDGE**

Plaintiff Scott S. ("Plaintiff" or "Claimant") appeals the decision of the Commissioner of Social Security denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. § 1381 *et seq*. (*See* D.E. No. 1). The Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court **VACATES** and **REMANDS** the decision of the Commissioner.

## I.      BACKGROUND

On August 28, 2017, Plaintiff filed an application for SSI alleging disability beginning on March 1, 2000. (D.E. No. 5, Administrative Record ("R.") at 22). The onset date was later amended to the protective filing date of August 28, 2017.[1] (*Id.* at 22 & 51). He claimed disability based on multiple impairments, including chronic abdominal pain, irritable bowel syndrome, radiculopathy in his lower back, migraine headaches, brain atrophy, insomnia, anxiety, poor appetite, dental problems, confusion, diffused parenchymal volume loss, and herniated lumbar

---

[1] "Protective filing is a term for the first time an individual contacts the Social Security Administration to file a claim for benefits." *Stitzel v. Berryhill*, No. 16-0391, 2017 WL 5559918, at *1 n.3 (M.D. Pa. Nov. 9, 2017).

discs.  (*Id.* at 289).  His applications were denied initially and on reconsideration.  (*Id.* at 107–14).

On June 2, 2020, an Administrative Law Judge ("ALJ") held a hearing, at which Plaintiff and a

vocational expert testified.  (*Id.* at 46–79).

On September 30, 2020, the ALJ denied Plaintiff's application for SSI.  (*Id.* at 22–32).  The

ALJ held that Plaintiff is not disabled under the Act because Plaintiff has the residual functional

capacity ("RFC") to perform work for which there exists a significant number of jobs in the

national economy.  (*Id.* at 31–32).  More specifically, the ALJ determined that Plaintiff has the

RFC

> to perform sedentary work as defined in 20 CFR 416.967(a) except
> he is limited to never climb ladders, ropes, or scaffolds; occasionally
> climb ramps and stairs, balance, bend, stoop, kneel, crouch, and
> crawl; simple repetitive work; low stress jobs, defined as jobs with
> only occasional judgment and decision making required; needs a
> cane to ambulate; and would be off-task up to 5% of workday due
> to symptoms from [irritable bowel syndrome].

(*Id.* at 27).  Relying on vocational expert testimony, the ALJ found that an individual with the

above RFC could perform work as a (i) touch-up screener (10,000 jobs in the national economy);

(ii) taper, circuit layout (7,000 jobs); and (iii) order clerk, food & beverage (15,000 jobs).  (*Id.* at

31).  On May 6, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's

decision the Commissioner's final decision.  (*Id.* at 1–6).

Plaintiff filed the instant appeal on June 18, 2021, over which the Court has subject-matter

jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  (D.E. No. 1).  On February 27, 2023,

Plaintiff filed a brief in support of the instant appeal.  (D.E. No. 12 ("Mov. Br.")).  The

Commissioner opposed.  (D.E. No. 14 ("Opp. Br.")).

II.     **LEGAL STANDARD**

      A.     **Standard Governing Benefits**

To qualify for SSI, a claimant must show that he is "disabled" within the meaning of the Act.  42 U.S.C. § 1382(a)(1).  Disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months."  42 U.S.C. § 1382c(a)(3)(A).  The individual's physical or mental impairment, furthermore, must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 1382c(a)(3)(B).

"The Commissioner uses a five-step process when making disability determinations . . . ." *Dellapolla v. Comm'r of Soc. Sec.*, 662 F. App'x 158, 160 (3d Cir. 2016) (citing 20 C.F.R. §§ 404.1520 & 416.920).  "The claimant bears the burden of proof for steps one, two, and four," and "[t]he Commissioner bears the burden of proof for the last step."  *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).  "Because step three involves a conclusive presumption based on the listings, no one bears that burden of proof."  *Id.* at 263 n.2.  If the determination at a particular step is dispositive of whether the claimant is or is not disabled, the inquiry ends.  *See* 20 C.F.R. § 416.920(a)(4).

***Step One***.  At step one, the claimant must show that he has not engaged in any substantial gainful activity since the onset date of his severe impairment.  20 C.F.R. § 416.920(a)(4)(i).  If an individual engages in substantial gainful activity, he is not disabled under the Act, regardless of the severity of his impairment or other factors such as age, education, and work experience.  20

C.F.R. § 416.920(b).   If the plaintiff demonstrates he has not engaged in substantial gainful activity, the analysis proceeds to step two.

*Step Two*.   At step two, the claimant must show that his medically determinable impairments or a combination of impairments were "severe."   20 C.F.R. § 416.920(a)(4)(ii).   An "impairment or combination of impairments" is not "severe" unless it "significantly limits [the claimant's] physical or mental ability to do basic work activities."   *See, e.g.*, *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) (quoting 20 C.F.R. §§ 404.1520(c) & 416.920(c)).

*Step Three*.   At step three, the claimant may show, based on medical evidence, that his impairments met or equaled an impairment listed in the Social Security Regulations' "Listings of Impairments" in 20 C.F.R. § Part 404, Subpart P, Appendix 1 ("Listings"). *See* 20 C.F.R. § 416.920(a)(4)(iii).   If the claimant makes such a showing, he is presumptively disabled and entitled to benefits.   If he does not make the showing, the analysis proceeds to step four.

*Step Four*.   At step four, the claimant must show that he lacked the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 416.920(a)(4)(iv); *see, e.g.*, *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).   If the claimant lacked the RFC to perform his past relevant work, the analysis proceeds. *See, e.g.*, *Plummer*, 186 F.3d at 428.

*Step Five*.   In the final step, the burden shifts to the Commissioner to show that there is a significant amount of other work in the national economy that the claimant can perform based on his age, education, work experience, and RFC.  20 C.F.R. § 416.920(a)(4)(v).  If the Commissioner shows that the claimant is able to perform jobs that exist in significant numbers in the national economy, the claimant is not entitled to benefits.  *See id.*

**B.      Standard of Review**

The Court exercises plenary review of the ALJ's application of the law and reviews factual

findings for "substantial evidence."  *See* 42 U.S.C. § 1383(c)(3); *see also Chandler v. Comm'r of*

*Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011).  Substantial evidence is more than a "mere scintilla"

of evidence and "means such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Although substantial

evidence requires "more than a mere scintilla, it need not rise to the level of a preponderance."

*McCrea*, 370 F.3d at 360.

Importantly, the Court is bound by the ALJ's findings of fact that are supported by

substantial evidence "even if [it] would have decided the factual inquiry differently."  *Hartranft v.*

*Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).  "Where evidence in the record is susceptible to more

than one rational interpretation, [the Court] must accept the Commissioner's conclusions."  *Izzo v.*

*Comm'r of Soc. Sec.*, 186 F. App'x 280, 284 (3d Cir. 2006).  Thus, the Court is limited in its review

because it cannot "weigh the evidence or substitute its conclusions for those of the fact-finder."

*Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).  Finally, while failure to meet the

substantial evidence standard normally warrants remand, such error is harmless where it "would

have had no effect on the ALJ's decision."  *Perkins v. Barnhart*, 79 F. App'x 512, 515 (3d Cir.

2003).

**III.    THE ALJ'S DECISION**

At step one, the ALJ found that Plaintiff had not engaged in any substantial gainful activity

since the application date—that being August 28, 2017.  (R. at 25).

At step two, the ALJ determined that Plaintiff had the following severe impairments:

degenerative disc disease, irritable bowel syndrome ("IBS"), and adjustment disorder.  (*Id.*).  The

ALJ further concluded that Plaintiff's migraines, insomnia, hypertension, chronic obstructive pulmonary disease ("COPD"), and gastroesophageal reflux disease ("GERD") were non-severe impairments because they were all "stable" on medication. (*Id.*). Before proceeding to step three, the ALJ noted that all of Plaintiff's impairments—severe and non-severe—were considered in assessing Plaintiff's RFC. (*Id.*).

At step three, the ALJ considered Listing 1.04 for Disorders of the Spine; 5.00 for Digestive Disorders; 12.04 for Depressive, Bipolar and Related Disorders; 12.06 for Anxiety and Obsessive-Compulsive Disorders; and 12.15 for Trauma and Stressor-related Disorders. (*Id.* at 25–27). The ALJ ultimately determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the impairments listed by the regulations. (*Id.*)

At step four, the ALJ concluded that Plaintiff had the RFC to perform sedentary work, with certain exceptions. (*Id.* at 27). "Sedentary work" involves "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. 416.967(a). "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.* With respect to exceptions, the ALJ found that Plaintiff could "never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs, balance, bend, stoop, kneel, crouch, and crawl;" could engage in "simple repetitive work; low stress jobs, defined as jobs with only occasional judgment and decision making required;" noted that Plaintiff "needs a cane to ambulate; and would be off-task up to 5% of [the] workday due to symptoms from IBS." (R. at 27). Based on the record, the ALJ determined that Plaintiff had no past relevant work. (*Id.* at 30).

Nevertheless, at step five, after considering Plaintiff's background, RFC, and vocational expert testimony, the ALJ found that "there [were] jobs that exist[ed] in significant numbers in the national economy" that Plaintiff could perform, including work as a (i) touch-up screener (10,000 jobs in the national economy); (ii) taper, circuit layout (7,000 jobs); and (iii) order clerk, food and beverage (15,000 jobs).  (*Id.* at 31).  Accordingly, the ALJ found that Plaintiff was not disabled as defined by the Act.  (*Id.* at 32).

## IV.   DISCUSSION

Plaintiff challenges the ALJ's determination at steps two, four, and five.  (*See* Mov. Br. at 5–34).  The Commissioner opposes, arguing that the ALJ's decision at each step is supported by substantial evidence.  (Opp. Br. at 6–11).  For the reasons set forth below, the Court finds that the ALJ's decision must be vacated and remanded.

### A.   The ALJ Failed to Consider Plaintiff's Non-Severe Impairments When Crafting the RFC

Plaintiff challenges the ALJ's decision, arguing that (i) at step two the ALJ improperly disqualified as "non-severe" five of Plaintiff's medically determinable impairments based on evidence that each impairment was "stable" on medication;[2] and (ii) the ALJ ignored each of the non-severe impairments at every subsequent step of the analysis, most critically during the RFC determination.  (*Id.* at 5–20).  The Commissioner opposes, asserting that (i) the ALJ's articulation that five of Plaintiff's medically determinable impairments were stable with treatment was a sufficient basis for finding that the impairments were non-severe; and (ii) the ALJ evaluated Plaintiff's limitations from the non-severe impairments at later steps in the evaluation process. (Opp. Br. at 6–9).  Further, the Commissioner argues that, because the ALJ found that Plaintiff

---

[2]    The five impairments that the ALJ found to be "non-severe" were Plaintiff's migraines, insomnia, hypertension, COPD, and GERD.  (R. at 25)

had at least one severe impairment, and, as such, continued on through the remaining steps of the analysis, any error in classifying certain of Plaintiff's impairments at step two as non-severe is harmless. (*Id.*). For the reasons set forth below, the Court finds that the ALJ's decision must be vacated and remanded.

At step two of the analysis, the ALJ evaluates whether the claimant's medically determinable impairments or combination of impairments are "severe." 20 C.F.R. § 416.920(a)(4)(ii). An impairment is not considered severe if it does not significantly impact a claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 416.920(c). To establish the requisite level of limitation, a claimant "must support his or her contentions with objective medical evidence." *Sassone v. Comm'r of Soc. Sec.*, 165 F. App'x 954, 958 (3d Cir. 2006). The step two inquiry is a "*de minimus* screening device to dispose of groundless claims." *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003). As such, "[a]n impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality or a combination of slight abnormalities which have 'no more than a minimal effect on an individual's ability to work.'" *Id.* (internal citations omitted).

If the claimant is found to have at least one severe impairment at step two, the ALJ proceeds to the remaining steps of the analysis. 20 C.F.R. § 416.920(a)(4)(ii). As such, generally "[a] failure to find a medical condition severe at step two will not render a decision defective if some other medical condition was found severe at step two." *Weitzel v. Colvin*, 967 F. Supp. 2d 1089, 1097 (M.D. Pa. 2013). "However, finding that an impairment is non-severe at step two does not obviate the need for a separate analysis of how [p]laintiff's impairment affects h[is] RFC." *Montanez v. Saul*, No. 18-1913, 2019 WL 4439577, at *5 (M.D. Pa. Aug. 19, 2019) (internal quotation marks and citation omitted). More specifically, in determining the claimant's RFC at

step four, the ALJ is required to consider *all* of the claimant's medically determinable impairments

from step two, including those that were found to be "non-severe."  *See* § 416.945(a)(2); *see also*

*Weitzel*, 967 F. Supp. 2d at 1097 ("[A]ll of the medically determinable impairments both severe

and non-severe must be considered at step two and then at step four when setting the residual

functional capacity."); *Brandt v. Kijakazi*, No. 22-0197, 2023 WL 2578253, at *4 (M.D. Pa. Mar.

20, 2023).  As detailed by Social Security Ruling 96-8p:

> In assessing RFC, the adjudicator must consider limitations and
> restrictions imposed by all of an individual's impairments, even
> those that are not "severe."  While a "non severe" impairment(s)
> standing alone may not significantly limit an individual's ability to
> do basic work activities, it may—when considered with limitations
> or restrictions due to other impairments—be critical to the outcome
> of a claim.  For example, in combination with limitations imposed
> by an individual's other impairments, the limitations due to such a
> "not severe" impairment may prevent an individual from performing
> past relevant work or may narrow the range of other work that the
> individual may still be able to do.

SSR 96–8p.  As such, "[e]ven if the ALJ properly determines that a claimant's impairments are

non-severe [at step two] . . . a finding of non-severity does not eliminate those impairments from

consideration of his or her overall ability to perform past work."  *Marsella v. Comm'r of Soc. Sec.*,

No. 18-2294, 2019 WL 912141, at *9 (D.N.J. Feb. 25, 2019).

Thus, "if the ALJ finds in a plaintiff's favor at step two, 'even if [the ALJ] had erroneously

concluded that some of [the claimant's] other impairments were non-severe, any error [is]

harmless,'" *Williams v. Comm'r of Soc. Sec. Admin.*, No. 12-5637, 2013 WL 4500335, at *17

(D.N.J. Aug. 21, 2013) (quoting *Salles v. Comm'r of Soc. Sec.*, 229 Fed. Appx. 140, 145 n. 2 (3d

Cir. 2007)), so long as the ALJ considered *all* of the claimant's impairments—including those

found to be non-severe—during the RFC determination at step four.  *See Williams*, 2013 WL

4500335, at *17.  "Where it appears that the ALJ's error at step two also influenced the ALJ's

RFC analysis, the reviewing court may remand the matter to the Commissioner for further

9

consideration." *Brandt*, 2023 WL 2578253, at *5–6 (internal citation omitted) (reversing and remanding the ALJ's decision because, in contrast to the ALJ's indication that all of the plaintiff's medically determinable impairments were considered, the ALJ failed to mention the plaintiff's tendonitis of the left elbow, which was found to be a non-severe impairment, in the RFC determination); *see also Fitzpatrick v. Comm'r of Soc. Sec.*, No. 19-7608, 2020 WL 1872978, at *4–5 (D.N.J. Apr. 15, 2020) (reversing and remanding the ALJ's decision for further proceedings because, after the ALJ determined that Plaintiff's mental impairments were not severe at step two, the ALJ "did not mention Plaintiff's mental impairments for the remainder of her assessment of Plaintiff's RFC").

Here, the ALJ found that Plaintiff's migraines, insomnia, hypertension, COPD, and GERD were non-severe impairments because they were all "stable" on medication. (R. at 25). However, because the ALJ found that Plaintiff's degenerative disc disease, IBS, and adjustment disorder were severe impairments (*id.*), the ALJ proceeded to the remaining steps of the analysis. (*Id.* at 25–32). As such, even if the ALJ erred in determining that Plaintiff's migraines, insomnia, hypertension, COPD, and GERD were non-severe impairments, the error was harmless so long as the ALJ considered these impairments in the remaining steps of the analysis, including at step four during the RFC determination.[3] *See Williams*, 2013 WL 4500335, at *17; *Brandt*, 2023 WL 2578253, at *5–6. The Court finds that the ALJ did not do so.

In the hearing decision, after finding that Plaintiff's migraines, insomnia, hypertension, COPD, and GERD were non-severe impairments and before proceeding to step three, the ALJ noted that "the undersigned considered all of the claimant's medically determinable impairments,

---

[3]     For this reason, the Court declines to address whether the ALJ's reliance on the fact that Plaintiff's migraines, insomnia, hypertension, COPD, and GERD were stable on medication was insufficient under the substantial evidence standard to categorize these impairments as non-severe.

including those that are not severe, when assessing his residual functional capacity." (R. at 25). But, as Plaintiff correctly notes (Mov. Br. at 16–17), there is no written consideration of Plaintiff's non-severe impairments in the RFC analysis. A review of the ALJ's RFC analysis at step four— including discussions of Plaintiff's own testimony, objective medical evidence, and opinion evidence—reveals the ALJ's consideration of only Plaintiff's severe impairments: Plaintiff's degenerative disc disease, IBS, and adjustment disorder. (R. at 27–30). In the RFC analysis, though the ALJ did not explicitly use the phrase "degenerative disc disease," the ALJ considered Plaintiff's back pain, limited range of motion, and mobility issues. (*Id.*). Further, the ALJ expressly referred to Plaintiff's IBS and related issues with nausea and diarrhea. (*Id.* at 27–28). And with respect to Plaintiff's adjustment disorder, the ALJ discussed Plaintiff's mental impairments, including, but not limited to, anxiety and abstention from leaving the house. (*Id.* at 28–29). But notably absent from the ALJ's RFC analysis is any discussion of Plaintiff's non-severe impairments. Though the ALJ does describe fluctuations in Plaintiff's ability to sleep (R. at 27 & 29), which perhaps speaks to Plaintiff's non-severe impairment of insomnia, the ALJ at no instance discussed Plaintiff's non-severe impairments of migraines, hypertension, COPD, or GERD. (*See id.* at 27–30). Accordingly, even though the ALJ indicated that all of Plaintiff's medically determinable impairments, including those that were not severe, were considered when assessing the RFC, it is unclear based on the ALJ's discussion at step four whether the ALJ did in fact fully consider the limitations and restrictions imposed by all of Plaintiff's impairments, including those that were found to be non-severe, in determining the RFC.

The Commissioner's arguments in opposition are unavailing. To start, the Commissioner argues that the ALJ's consideration of Plaintiff's severe *and* non-severe impairments is evidenced by the RFC limiting Plaintiff to "simple repetitive work and low stress jobs" that are "sedentary,

[and] unskilled in nature," thereby requiring "very little mental demands." (Opp. Br. at 7–9). Further, the Commissioner contends that Plaintiff's RFC, which permits Plaintiff to be off-task 5% of the workday, accounts for any persistence or pace problems that Plaintiff may have due to migraine headaches. (*Id.* at 8). The Court is not persuaded. Even if Plaintiff's non-severe impairments may perhaps be accommodated by simple repetitive work and low stress jobs and the fact that Plaintiff can be off-task 5% of the workday, as set forth in the ALJ's RFC determination, there was no discussion of Plaintiff's non-severe impairments during the ALJ's RFC calculation. And it is not for this Court to decide whether the ALJ's RFC calculation appropriately accommodates Plaintiff's non-severe impairments. *Zied v. Astrue*, 347 Fed. App'x 862, 865 (3d Cir. 2009) (noting that "[w]hen an ALJ does not address all of the evidence of record, the appropriate action is to remand for further proceedings, as a District Court has no fact-finding role in reviewing social security disability cases."). Insofar as the Commissioner points to the ALJ's finding that Plaintiff "exhibited normal attention, concentration, memory, and intellectual functioning and fair insight and judgment" when examined in 2018 (Opp. Br. at 8 (citing R. at 29)) as evidence that the ALJ considered Plaintiff's non-severe impairments, the Court is again not convinced because Plaintiff's non-severe impairments were not mentioned by the ALJ in discussing this finding. As such, it is not clear whether the RFC crafted by the ALJ adequately accounted for Plaintiff's non-severe impairments. And as stated, the Court cannot determine for itself whether Plaintiff's non-severe impairments would change the RFC calculation. *See Brandt*, 2023 WL 2578253, at \*2 ("The question before the Court, therefore, is not whether [plaintiff] is disabled, but whether the Commissioner's determination that [plaintiff] is not disabled is supported by substantial evidence.").

In sum, irrespective of whether the ALJ erroneously concluded that Plaintiff's migraines,

insomnia, hypertension, COPD, and GERD were non-severe impairments, the Court is not

persuaded that the ALJ sufficiently accounted for all of these impairments in the RFC analysis.

*Brandt*, 2023 WL 2578253, at \*6 ("Therefore, regardless of whether Brandt's conditions were

erroneously considered non-severe impairments at step two, the Court finds that the RFC

assessment is not supported by substantial evidence."). Because the Court cannot "weigh the

evidence or substitute its conclusions for those of the ALJ," *Fitzpatrick*, 2020 WL 1872978, at \*6,

or determine for itself whether Plaintiff's non-severe impairments would change the RFC

calculation, the matter must be reversed and remanded for further proceedings "so that the ALJ

may properly consider how Plaintiff's [migraines, insomnia, hypertension, COPD, and GERD]

affect [his] RFC and [his] capability to perform . . . other work that exists in the national economy."

*Id.*; *see also Brandt*, 2023 WL 2578253, at \*6 (internal citation omitted) (reversing and remanding

the ALJ's decision because, in contrast to the ALJ's indication that all of the plaintiff's medically

determinable impairments were considered, "the ALJ failed to mention [the plaintiff's] tendonitis

of the left elbow in [the] RFC determination").[4]

## B.    Remedy

As a final matter, to the extent that Plaintiff argues for the awarding of benefits as the

appropriate remedy (Mov. Br. at 3–4), the Court disagrees. Although the Court has the authority

to "affirm, modify or reverse the Commissioner's decision," 42 U.S.C. § 1383(c)(1)(A);

*Melkonyan v. Sullivan*, 501 U.S. 89, 100-01 (1991), Third Circuit precedent mandates that court-

awarded benefits should be limited to circumstances where "the administrative record . . . has been

---

[4]        Because the vacation and remand of the Commissioner's decision may produce a different RFC calculation
and result with respect to determining whether Plaintiff is entitled to SSI, the Court declines to address Plaintiff's
remaining arguments regarding step four (Mov. Br. at 20–29), and step five (*id.* at 29–35), of the ALJ's analysis. *See
Burns v. Colvin*, 156 F. Supp. 3d 579, 598 (M.D. Pa. 2016) ("A remand may produce different results on these claims,
making discussion of them moot.").

fully developed and when substantial evidence as a whole indicates that the claimant is disabled and entitled to benefits." *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000).  Here, because the Court finds that the ALJ did not adequately consider Plaintiff's non-severe impairments during the RFC calculation, the proper remedy is to remand for further development of the record.  *See Brandt*, 2023 WL 2578253, at \*7.  On remand, the ALJ is instructed to conduct additional investigations into, and provide explanations of, how if at all Plaintiff's non-severe impairments may affect the RFC calculation.

## V.      CONCLUSION

For the foregoing reasons, the Court **VACATES** and **REMANDS** the decision of the Commissioner.  An appropriate Order accompanies this Opinion.

**Dated**: August 6, 2024                                             *s/ Esther Salas*
                                                                                      **Esther Salas, U.S.D.J.**